# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| SUSIE GRESHAM, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:16-CV-48-MSH |
| | : | Social Security Appeal |
| NANCY A BERRYHILL, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for disability insurance benefits and Supplemental Security Income (SSI), finding that he is not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff seeking Social Security disability benefits must demonstrate that she suffers from an

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the Plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ISSUES

**I.     Whether the ALJ assigned appropriate weight to the treating, examining, and non-examining physicians' opinions.**

**II.    Whether the ALJ properly considered any visual limitations.**

### Administrative Proceedings

Plaintiff Susie Ann Gresham filed an application for supplemental security income on June 5, 2012 alleging that she became disabled to work on January 1, 2012. Her claim was denied initially on September 19, 2012 and on reconsideration on February 8, 2013. On March 19, 2013, she made a timely request for an evidentiary hearing, which was held before an administrative law judge (ALJ) on May 15, 2014. Plaintiff appeared at the hearing with the assistance of her attorney and gave testimony. Tr. 20. A vocational expert (VE) also testified. *Id.* On October 3, 2014, the ALJ issued an unfavorable decision. Tr. 17-39. Plaintiff requested review by the Appeals Council on November 17, 2014, but was denied on April 1, 2016. Tr. 15-16, 1-6. Having exhausted the administrative remedies available to her under the Social Security Act, Plaintiff now seeks judicial review of the final decision by the Commissioner to deny her application for benefits. This case is ripe for review.

### Statement of Facts and Evidence

Plaintiff was forty-seven years old at the time she filed her claim. Tr. 32. Her education is limited and she has past relevant work as a housekeeper, commercial cleaner, poultry processor, and cook. Tr. 32, 59. In conducting the five-step sequential analysis for the evaluation of disability claims, the ALJ found that Plaintiff has not

engaged in substantial gainful activity since her application date and that Plaintiff has severe impairments of degenerative disc disease in the spine and left hip as well as obesity. Findings Nos. 1, 2; Tr. 22-24. In his step-three analysis, the ALJ determined that these severe impairments, considered alone as well as in combination with one another neither meet nor medically equal a listed impairment set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. Finding No. 3, Tr. 24. Next, the ALJ formulated a residual functional capacity assessment (RFC) permitting Plaintiff to engage light work with added postural, exertional, and nonexertional limitations. The ALJ found at step four that this restricted RFC precluded Plaintiff's return to her past relevant work. Finding No. 5, Tr. 32. Application of the Medical-Vocational Guidelines by the ALJ at step five, however, directed a finding of "not disabled," since the added restrictions in Plaintiff's RFC assessment have little or no effect on the occupational base of unskilled work at the light exertional level. Finding No. 9, Tr. 33.

## DISCUSSION

In her brief before the Court, Plaintiff raises three assertions of error. She first contends the ALJ gave less than significant weight to the opinion of her treating physician without good. Second, she argues the ALJ failed to include any limitations in the RFC assessment regarding her visual impairments and found that the Medical-Vocational Guidelines directed a finding of "not disabled" without testimony by a VE. Her third enumeration of error claims the ALJ gave only little weight to the opinions of both examining and non-examining physicians without sufficient cause. Pl.'s Br. 1, 2, ECF No. 13. The Commissioner responds that the decision by the ALJ is supported by

substantial evidence considering the record as a whole and was arrived at by the application of the correct legal principles. Comm'r's Br. 1, ECF No. 14. In addressing the contentions of Plaintiff, the Court considers the first and third claims together and then addresses the second claim.

**I.  Did the ALJ assign appropriate weight to the treating, examining, and non-examining physicians' opinions?**

In addition to her treating physician Dr. James Southerland, Plaintiff has been seen by eight different medical doctors for complaints of chronic pain in her left hip. She saw Dr. Del Campo on November 10, 2011, Dr. Parungao on June 12, 2012, Dr. Ludwig on July 26, 2012, Dr. Greene on November 30, 2012, Dr. Sabatino on December 26, 2012, Dr. Albinger on March 12, 2013, Dr. Ringer on June 15, 2013, and Dr. Forbaugh on August 29, 2013. These doctors all describe her symptoms as "mild" with only "tenderness" to palpitation and "some discomfort." Tr. 26-28. Radiological studies done on August 16, 2012 show what the clinician described as an "unremarkable left hip." Tr. Ex. 8F/2. This is consistent with the notes of an examining physician, Romulo Parungao, M.D., who on June 12, 2012 characterized her neck, back, and extremities as "essentially normal." Tr. Ex. 5F/13-15.

Her treating physician, James Southerland, M.D., however completed a "Medical Opinion of Ability To Do Work related Activities" on May 5, 2014 which limited her to less than two hours daily of sitting, standing, or walking and stated that she would need to lie down one to two times in an eight hour work day. Tr. Ex. 17/F. The ALJ properly discounted Dr. Southerland's extreme opinion as inconsistent with the record as a whole

and contrary to results shown by objective medical testing. Tr. 29. The same is true of the consultative examination Kelly Dixon-Martin, M.D. conducted on August 16, 2012. Dr. Dixon-Martin observed only mild limp with normal range of motion and normal imaging of the hip but imposed restrictions well beyond her clinical notations. Tr. 435-438.

Opinions by a treating physician and, to a lesser extent, opinions of examining physicians are entitled to greater weight when they are well-supported by medically acceptable clinical and laboratory diagnostic methods and are not otherwise inconsistent with or contradicted by other substantial evidence in the record. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); SSR 96-2p. Plaintiff's extensive record of examination by many physicians shows that the ALJ properly concluded that she has sufficient functionality and ability to perform light work. When a treating or examining physician's opinion is unsupported by objective medical evidence or contradicted by the record as a whole it may be disregarded or discounted. *Johns v. Bowen*, 821 F.2d 551, 555 (11th Cir. 1987). While Dr. Murray Gilman—a non-examining physician—opined in June 2014 that Plaintiff was limited to sedentary work, this opinion is conclusory and properly discounted by the ALJ. Opinions by non-examining reviewing physicians are entitled to little or no weight when contradicted by the medical evidence of record. *Swindle v. Sullivan*, 914 F.2d 222, 226 (11th Cir. 1990). Plaintiff has not established that the ALJ erred in the manner in which he addressed the opinions of Drs. Southerland, Dixon-Martin, and Gilman.

**II.     Did the ALJ properly consider any visual limitations?**

Plaintiff also contends that she has visual limitations which should have been considered as restrictions in her RFC assessment.  The only medical evidence of visual restrictions comes from two State agency doctors who primarily noted that she would be precluded from reading fine print or columns of figures.  Close review of the record evidence reviewed by these doctors shows that at the time her vision was tested by the consultative examiner, she was not wearing corrective lenses.  Tr. 437.  The only specific restriction related to vision imposed by the examining physician was the doctor's opinion that Plaintiff would not be qualified to drive commercially.  Tr. 438-39.  The examining physician imposed no restrictions on reading fine print or fine motor manipulation.  The opinion of an examining physician is entitled to more weight than a non-examining physician, and the ALJ is permitted to reject any doctor's opinion when the evidence supports a different conclusion.  *Broughton v. Heckler*, 776 F.2d 960, 961 (11th Cir. 1985).  The ALJ did not err in the formulation of Plaintiff's RFC assessment.

## CONCLUSION

For the reasons stated above, the determination of the Social Security Commissioner is affirmed.

SO ORDERED, this 24th day of April, 2017.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE